# STATE v. LOUIS LA ROSE.[1]

November 23, 1928.

No. 26,902.

**Automobile driver convicted of manslaughter.**

> The evidence amply supports the verdict of the jury convicting the defendant of the crime of manslaughter in the second degree. There were no errors in the charge to the jury.

Motor Vehicles, 42 C. J. § 1394 p. 1362 n. 65.

Defendant appealed from a judgment of the district court for Hennepin county, Baldwin, J. convicting him of manslaughter in the second degree. Affirmed.

*Charles H. Winter,* for appellant.

*G. A. Youngquist,* Attorney General, *Floyd B. Olson,* County Attorney, and *William G. Compton,* Assistant County Attorney, for the state.

HILTON, J.

Appeal from a judgment of conviction of manslaughter in the second degree.

About midnight of August 28, 1927, Bert W. Peterson was struck on a street in Minneapolis by an automobile owned and driven by the defendant. Peterson died shortly thereafter in a hospital. A post-mortem showed that he had sustained a fractured skull, fractured right leg with the bones protruding therefrom, two fractured ribs, ruptured liver and kidney, and many bruises on the face, leg and back. Any one of several of the injuries would have caused death.

Peterson with his wife and her sister alighted from a street car at its usual stopping place at the southwesterly intersection of Thirty-second street and Minnehaha avenue and started across behind the street car to the east side of Minnehaha avenue. The

[1] Reported in 221 N. W. 899.

women preceded, and he was about four feet behind them. The streets were well lighted. While crossing the street the women looked to the right and saw no cars at all close. When about three feet from the curb to which they were walking, they heard a whirring sound and thud behind them, and turning saw Peterson's body going through the air and rolling diagonally across the street intersection where it finally stopped over 100 feet from where it was hit.

After striking Peterson, defendant's car, a straight eight sedan, went in a northwesterly direction, hit an iron pole and stopped not far from Peterson's body. A witness placed the speed of defendant's car at about 40 miles per hour when defendant passed him within a block before reaching the place of the accident. Another witness fixed the speed at the same rate. Defendant testified that he passed no one and was at no time going more than 27 to 30 miles an hour. He also stated that he was blinded by the lights of the street car and street lights; that he saw the women about seven to ten feet ahead and turned his car to the left as quickly as he could and applied the brakes. The injuries to Peterson and the distance his body was hurled clearly indicate an excessive rate of speed under the circumstances. The defendant admitted that he had been drinking to a slight extent, and various witnesses testified that he was intoxicated. He made no effort to ascertain the damage done, stating that he did not know that he had hit anyone. After straightening out his fender and without giving his name to anyone, he started away with his car on a side street, closely pursued by the witness Hendel. At times he was going 50 miles per hour and was finally captured several miles away where he collided with another car. The reasons he gave for his flight were not credible when considered in connection with the testimony of other witnesses and the conceded situation. It is not necessary to recite further details.

The indictment properly charged the offense. The jury convicted. There were 13 assignments of error. We have carefully examined them all. There was no error in the charge to the jury nor in failure to give requested charges. The charge given relative to cul-

pable negligence was especially full, complete and proper. The claim that the evidence does not support the verdict is wholly without merit.

Judgment affirmed.